UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC J. MENG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13 CV 2527 RWS |
| | ) | |
| FEDERAL HOME LOAN MORTGAGE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Eric J. Meng brings this suit to quiet title against Defendant Federal Home

Loan Mortgage Corporation. Defendant filed a motion to dismiss Plaintiff's complaint on res

judicata grounds and for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6). Plaintiff opposes this motion and the issues are fully briefed. For the reasons set

forth below, I will grant Defendant's motion to dismiss.

## <u>Background</u>

Eric J. Meng ("Meng") was the owner of a parcel of real property located at 5303

Milburn Rd., Oakville, Missouri. Meng had a mortgage loan on the property, and he

defaulted on this loan. The property was subsequently sold to the Federal Home Loan

Mortgage Corporation ("Freddie Mac") at a foreclosure sale on November 2, 2011. Prior to

the foreclosure sale, Meng filed a petition in the Circuit Court of St. Louis County seeking a

temporary restraining order to prevent the sale and enforce an alleged loan modification. The

restraining order was denied.

Following the foreclosure sale, Meng filed an amended petition naming Freddie Mac as a defendant and alleging the following claims: (1) wrongful foreclosure; (2) action in equity to set aside foreclosure; (3) equitable redemption; (4) promissory estoppel; (5) and negligent misrepresentation.  After being served, Freddie Mac removed the case to federal court.  On March 29, 2013, Judge Charles A. Shaw dismissed Meng's complaint with prejudice.  Meng v. CitiMortgage, Inc., et al., No. 4:12-CV-514 CAS, 2013 WL 1319008 (E.D. Mo. March 29, 2013).

On August 28, 2013, Meng filed this present suit to quiet title against Freddie Mac in the Circuit Court of St. Louis County.  On December 19, 2013, Freddie Mac removed this case to this Court pursuant to 28 U.S.C. §§ 1441 and 1442, and 12 U.S.C. § 1452(f).

**Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. quoting Twombly, 550 U.S. at 555.

**Discussion**

Freddie Mac argues that Meng's present suit to quiet title is barred by the doctrine of res judicata due to determinations previously made in the in the case of Meng v. CitiMortgage, Inc., et al., No. 4:12-CV-514 CAS, 2013 WL 1319008 (E.D. Mo. March 29,

2013).  The principle behind the doctrine of res judicata is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action."  Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982).  In order for a claim to be precluded under the doctrine of res judicata, the following five elements must be satisfied: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); (4) both suits are based upon the same claims or causes of action; and (5) the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.  Rutherford v. Kessel, 560 F.3d 874, 877 (8th Cir. 2009).

The doctrine of res judicata applies in this case.  The final judgment in Meng's previous case against Freddie Mac was on the merits, and the court had jurisdiction to adjudicate the claims.  See Meng, 2013 WL 1319008.  The prior suit involved the same parties, as Meng was the plaintiff and Freddie Mac was a defendant.  Id.  Additionally, both suits are based upon the same claims or causes of action.  The issue Meng seeks to adjudicate his present quiet title action concerns the ownership of the property that Freddie Mac purchased in a foreclosure sale.  Meng attempted to claim his rightful ownership of the same parcel of property in his previous five-count suit.  Both suits contest Freddie Mac's acquisition of the property via a foreclosure sale, thus the suits arise out of the same nucleus of operative facts and res judicata is applicable.  See Rutherford, 560 F.3d at 877.  Finally, Meng had a full and fair opportunity to litigate his claims in the first suit.  Because all of the elements of res judicata are satisfied, the doctrine precludes Meng's current action.

Notwithstanding Meng's action being barred by res judicata, the action also fails to state a claim on which relief can be granted. "To state a cause of action to quiet title, a plaintiff must allege: (1) ownership in the described real estate; (2) that the defendant claims some title, estate or interest to or in said premises; and (3) said claim is adverse and prejudicial to plaintiff." Kulovic v. BAC Home Loans Servicing, L.P., No. 4:10–CV–2058 CAS, 2011 WL 1483374, at *10 (E.D. Mo. April 19, 2011) (citations omitted). Plaintiffs must "plead facts showing they, in fact, have a superior title to the property at issue." Dufrenne v. CitiMortgage, Inc., No. 4:09CV1524 HEA, 2009 WL 5103275, at *3 (E.D. Mo. Dec. 17, 2009). Meng's petition fails to assert any factual allegations that show he has title to the property; the petition consists entirely of conclusory legal statements and requests for relief. In his response to Freddie Mac's motion to dismiss, Meng asserts that the Borrower Covenants of the Deed of Trust show that he has title to the property. Meng executed this Deed of Trust when he obtained a mortgage loan. The purpose of the Borrower Covenants was to assure the lender that Meng was the owner of the property and that the lender was receiving a valid lien. Upon the foreclosure sale, title to the property vested in Freddie Mac and the Deed of Trust was extinguished. See Hallquist v. United Home Loans, Inc., 715 F.3d 1040, 1046 (8th Cir. 2013); Barnes v. Fed. Home Loan Mortg. Corp., No. 5:12–CV–06062– DGK, 2013 WL 1314200, at *6 (E.D. Mo. March. 28, 2013). Meng cannot now rely on the extinguished Deed of Trust to claim superior title. Because Meng does not allege any facts which, if true, would show he has superior title to the property, I find that he has failed to state a claim to quiet title and that this action must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [#4] is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. A separate order of dismissal will be entered on this same date.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2014.